Edward J. Maney, Trustee
P. O. Box 10434
Phoenix, AZ 85064
Telephone (602) 277-3776
Fax No. (602) 277-4103
ejm@maney13trustee.com

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | CHAPTER 13 BANKRUPTCY |
| JEFFREY E. MARINE<br>xxx-xx-3796<br>SHARON E. MARINE<br>xxx-xx-6268 | CASE NO. 2-09-bk-24753-GBN<br><br>TRUSTEE'S EVALUATION AND RECOMMENDATION(S) REPORT WITH NOTICE OF POTENTIAL DISMISSAL IF CONDITIONS ARE NOT SATISFIED |
| Debtor(s) | RE: CHAPTER 13 PLAN |

Edward J. Maney, Trustee, has analyzed the Debtor's Chapter 13 Plan and supporting documents and submits the following evaluation and recommendation(s):

GENERAL REQUIREMENTS:

a. Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

b. Requests by the Trustee for documents and information are not superseded by the filing of an amended Plan or motion for moratorium.

c. The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an Amended or Modified Plan is filed and noticed out.

d. The Trustee requires that any proposed Order Confirming Plan state, "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

e. The Trustee requires that any proposed Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Case can be discharged. This requirement is effective regardless of Plan payments, suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders".

f.    The Debtor(s) is required to provide directly to the Trustee, **within 30 days after the returns are filed,** copies of the federal and state income tax returns for every year during the duration of the Plan. This requirement is to be included in the Stipulated Order Confirming the Plan.

g.    At the time of confirmation, the Trustee will require the Debtor(s) to certify that Debtor(s) are current on all required tax filings and any domestic support orders.

h.    If Debtor(s) Plan proposes to discharge taxes not paid by the Plan, the Trustee objects to this provision. The proper procedure to determine dischargeability is through an adversary proceeding, pursuant to F.R.B.P. Rule 7001. Any proposed Order Confirming the Plan submitted by the Debtor(s) **must** specifically amend or remove this language to comply with the Bankruptcy Code and Rules.

RECOMMENDATION REQUIREMENTS:

1.    Interim Plan payments are current with payment of $1,370.00 due 3/31/10.

    **Debtor/wife's paystubs and Schedule I show a direct deposit in the amount of $433.33. The Trustee believes that this is part of Debtor/wife's net income being submitted to a bank account. The Trustee requires Plan payments to increase immediately or documentation to verify the purpose of this deduction. If this payment is for a creditor, the Trustee objects and requires the payment to immediately terminate as all secured creditors are being paid through the Plan and the only remaining creditors are unsecured.**

2.    The Trustee requires copies of all monthly bank and/or credit union statements for all checking and/or savings accounts Debtors maintained on the petition date.

3.    If this case is not confirmed prior to the 2009 tax deadline or Debtor(s) have filed their tax return prior to confirmation, the Trustee requires Debtors to submit a copy of their 2009 federal and state tax return, along with a copy of all W-2's

4.    The proof of claim filed by the Americas Servicing differs from the creditors' treatment under the Plan or is not provided for by the Plan. This discrepancy must be resolved before confirmation of the Plan. The Trustee requires: (a) the Debtor(s) file an objection to the claim (if the debt is believed to be unsecured); (b) the holder of the claim endorse the order confirming the Plan; (c) the order confirming the Plan to provide for payment of the claim pursuant to the claim; or (d) an amended Plan be filed to provide for payment on the claim. The Trustee will require debtor(s) provide written notification as to whether the discrepancy has been resolved by April 10, 2010. If resolution of the claim changes Plan funding requirements, the Trustee requires the receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. If objections to the proofs of claim are timely filed by the

Debtor(s), then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after completion of the objections.

5.  The Trustee requires copies of Debtors' two most recent consecutive paycheck stubs from each employer for each employed Debtor for verification of income and deductions.

6.  The Trustee requires the Debtors to provide a copy of their employment contracts.

7.  The Trustee requires Debtor to provide documented verification of the following expenses: Charitable Contributions ($200.00—must be cash donations), Misc/Cell ($240.00), Recreation/Cable ($336.00).  The Trustee requires documented evidence for the past 12 months to justify these expenditures and <u>Debtors to provide justification.</u>  Where the documentation fails to support the scheduled expense, the Trustee will require an Amended Schedule J.  Any increase in disposable income must be turned over to the Plan.

*Any documentation provided must be organized by category, month and legible.. Debtors are also obligated to justify the reason the Debtors can not sustain their living environment within the Trustee's guideline.  If the Debtors fail to follow this guideline, the Trustee will not consider any information as being received and a Dismissal Order may be lodged for failure to comply.*

8.  Based upon prior performance, the Trustee conditionally objects to the fees requested by counsel for the debtor(s).  The Trustee will withdraw the conditional objection upon confirmation of the debtor(s) plan with the following exceptions.  If debtor(s) attorney fails to file all the required statements and schedules within the time set by the Code and any extension granted by the Court, the Trustee will request the Court approve a $750.00 reduction in the fees requested by counsel.  The Trustee will request a further $750.00 reduction in attorney fees' if counsel for the debtor(s) fails to timely respond to the Trustee's Recommendation or submit a Stipulated Order Confirming case within the time set by the Trustee.  The Trustee will have the conditional objection set for hearing if counsel for the debtor(s) fails to agree to the fee reductions.  The conditional objection will not delay confirmation of debtor(s) case.  The Trustee will hold funds for counsel until the Court rules on the Trustee's objection.  All other monies will be disbursed in due course.

If the Debtor(s) have any questions or concerns regarding this Recommendation, they should contact their attorney.  If Debtor(s) are not represented by counsel, they may contact the Case Administrator at extension 210.

The Trustee objects to the confirmation of this Plan under present condition(s).  **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to remain current in Plan payments, resolve above item(s) #2 through 8 and submit Stipulated Order Confirming to the Trustee for review and signature or request a hearing within 30**

**days from the date of this Trustee's Recommendation. The Trustee reserves the right to file a Supplemental Recommendation.**


Date See Electronic Signature Block

_____
Edward J. Maney, Trustee

Copies of the foregoing
mailed on this date See Electronic
Signature Block to:

Joseph W. Charles
P. O. Box 1737
Glendale, AZ   85311

Jeffrey and Sharon Marine
18338 W. Paseo Way
Goodyear, AZ   85338

_____